**R.F.M.A.S., INC., Plaintiff,**

v.

**Mimi SO, et al., Defendants.**

**No. 06 Civ. 13114(VM).**

United States District Court,
S.D. New York.

Oct. 12, 2010.

Kenneth S. Feldman, Law Offices of Stephen E. Feldman, P.C., Stephen Edward Feldman, Paul J. Burgo, Steven Michael Crosby, Feldman Law Group, New York, NY, Kevin P. Crosby, Brinkley, Morgan, Solomon, Tatum, Stanley, Lunny & Crosby, Fort Lauderdale, FL, Theodore C. Anderson, Kilgore & Kilgore, PLLC, Dallas, TX, for Plaintiff.

Deepro R. Mukerjee, Victoria Elizabeth Spataro, Alston & Bird, LLP, Barry George Magidoff, Sutton Magidoff, LLP, Alexander Lloyd Greenberg, Richard Zachary Lehv, Fross Zelnick Lehrman & Zissu, P.C., New York, NY, Martin J. Elgison, Alston & Bird LLP, Atlanta, GA, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

### I. *BACKGROUND*

Plaintiff RFMAS, Inc. ("RFMAS") brought this action alleging copyright infringement of RFMAS's jewelry by defendants Mimi So and Mimi So International ("Mimi So"), and Richemont SA, Compagnie Financier Richemont SA, Richemont North America, Richemont Holdings I, and Richemont International, Ltd. ("Richemont") (collectively, "Defendants"). The instant proceeding relates to a motion filed by RFMAS seeking sanctions against Defendants for spoliation of evidence and for other alleged violations of their discovery obligations under the Federal Rules of Civil Procedure.

By Memorandum and Order (the "Order") dated August 10, 2010, Magistrate Judge Michael Dolinger, to whom this matter had been referred for supervision of pretrial proceedings, issued an exhaustively detailed and well-reasoned decision, a copy of which is attached and incorporated herein. The Or-

der found that Mimi So's failure to preserve relevant exemplars of some of the jewelry pieces at issue that Defendants had a duty to produce, as well as related misrepresentations Mimi So made to RFMAS and the Court about the existence of the evidence, constituted sanctionable spoliation. The Order further found insufficient evidence of spoliation by Richemont and recommended denial of the motion as to those Defendants. Finally, the Order found no basis to support a finding of other spoliation or discovery violations alleged by RFMAS.

In proposing appropriate sanctions, the Order rejected RFMAS's request for an adverse inference instruction that the evidence not produced would be negative to Defendants, or for preclusion of testimony by Defendants' experts regarding the jewelry in question. Instead, the Order recommended other forms of sanctions, specifically: to permit witnesses at trial to testify regarding Defendants' failure to preserve the jewelry samples in question as reason for RFMAS's reliance on photographs; to allow RFMAS to offer evidence of Mimi So's false or misleading statements about the availability of the exemplars, both to explain why RFMAS could not produce the jewelry or better photographs of it and for impeachment purposes; and to award RFMAS compensation for the expenses it incurred in connection with pursuing a remedy for the spoliation. On August 18, 2010, Mimi So filed a timely motion for reconsideration. In it, Mimi So requested correction of alleged factual errors in the Order relating to whether RFMAS, rather than Mimi So, was responsible for creating the poor quality photographs of the exemplars that RFMAS presented at its expert's deposition, and whether an adequate replica of the exemplar has been shown to RFMAS and is still available for use at trial. By Memorandum and Order dated October 5, 2010, Magistrate Judge Dolinger denied Mimi So's motion. Subsequently, RFMAS appealed the Order to this Court.[1] For the

---

1. Symptomatic of the excess and extreme litigation tactics which have characterized the parties' conduct in this litigation—needlessly taxing not only parties' resources, but the Court's—RFMAS filed its appeal in this Court on August 26, 2010, before responding to the motion for reconsidera-

tion Mimi So submitted to Magistrate Judge Dolinger, and of course prior to Magistrate Judge Dolinger's ruling on that application, which clearly had bearing on some aspects of the sanctions the Order recommended. A simple letter to the Court requesting an extension to file the

reasons stated below, the Court adopts the Order in its entirety.

## II. *STANDARD OF REVIEW*

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

## III. *DISCUSSION*

■ Having conducted a review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with RFMAS's underlying motion for sanctions, and the materials filed in this proceeding, as well as the Order and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Order are not clearly erroneous or contrary to law and are thus warranted.

While the Court concurs with the Order's findings not only that spoliation by Mimi So occurred but that the underlying conduct was sufficiently serious to warrant sanctions, it is not persuaded by RFMAS's argument that the only fitting remedy is to grant an adverse inference instruction or preclude relevant testimony by Defendants' experts. The Court agrees with Magistrate Judge Dolinger that RFMAS's claim of prejudice associated with the missing evidence, though real

enough to some extent, is either overstated or mitigated in other respects. Particularly compelling is the Order's determination that to a substantial degree the level of resulting prejudice to RFMAS is self-imposed by reason of RFMAS's considerable delay in seeking a remedy until long after this Court pointed out in its summary judgment ruling that the factual record was insufficient to warrant sanctions for spoliation at that stage. The Order goes to great lengths to document RFMAS's delay and rejects as unpersuasive RFMAS's explanation for not seeking relief earlier. The Order also persuasively points out that prior to the close of expert discovery RFMAS had ample opportunities to examine the exemplars as well as photographs of them, yet failed to do so fully, and that for the purposes of trial, adequate replicas and photographs of the jewelry are still available to RFMAS that will minimize the asserted prejudice. The Court cannot find that this analysis and resulting conclusions are erroneous as a matter of law.

■ With regard to Richemont, the Order determined that there was no evidence that any of Richemont's constituent companies possessed exemplars of the alleged infringing jewelry at any time after September 2006, and thus that insufficient ground existed warranting a finding of spoliation. RFMAS challenges that conclusion, pointing out that in fact for one day in March 2007 an attorney for Richemont had obtained a piece of the jewelry at issue for inspection in connection with a pretrial conference and, rather than preserving it, returned it to Mimi So on the same day. On this basis, RFMAS asserts that Richemont, through its attorney, had obtained sufficient custody, possession and control over the jewelry, and consequently that a finding of spoliation and recommendation of sanctions as to Richemont similar to those applicable to Mimi So are equally justified. The Court disagrees.

appeal until the reconsideration motion was resolved would have sufficed. In fact, in another instance reflecting more of the same, by memo-endorsed Order dated April 14, 2009, the Court noted that RFMAS had prematurely filed a motion for reconsideration of a decision of this Court before the Court had issued a full decision setting forth its grounds. There, the Court noted

that "[i]f plaintiff needed to file before the 10–day deadline, it could easily have requested an extension by a one paragraph letter rather than triggering another needless motion in a case already replete with excessive litigation." *R.F.M.A.S., Inc. v. Mimi So,* No. 06 Civ. 13114 (Docket No. 148).

Even if Richemont's attorney did have the brief possession of the jewelry in question that RFMAS asserts, the Court is not persuaded that the circumstances would support placing Richemont's conduct on the same scale of culpability as that which, as the Order documents, characterized Mimi So's much more serious acts and misrepresentations. Moreover, for the reasons discussed above, because the Court finds that an adverse inference instruction against Mimi So would be inappropriate, such a sanction would be even more unjustifiable as applied to Richemont's less culpable conduct.

Accordingly, for substantially the reasons set forth in the Order, the Court adopts the Order's recommendations in their entirety.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Memorandum and Order of Magistrate Judge Michael Dolinger dated August 10, 2010 (Docket No. 207) is adopted in its entirety, and the appeal of plaintiff RFMAS, Inc. (Docket No. 213) is DENIED.

**SO ORDERED.**